UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RODNEY EUGENE LOCKETT, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 16-1597 (RC) |
| CHRISTOPHER WRAY,[1] | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

### I. INTRODUCTION

Plaintiff, appearing *pro se*, challenges the Federal Bureau of Investigation's response to his request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for records contained in the Combined DNA Index System ("CODIS") pertaining to him. Defendant has moved for summary judgment, asserting first that plaintiff failed to provide sufficient information to enable a search and second that any responsive records would be exempt from disclosure under FOIA Exemption 3. Def.'s Mot. for Summ. J., ECF No. 14. Plaintiff has moved for partial summary judgment on claims related to his criminal prosecution, which are beyond this Court's jurisdiction. Pl.'s Mot. for Partial Summ. J., ECF No. 13. For the reasons explained below, the Court will grant defendant's motion, deny plaintiff's motion, and enter judgment accordingly.

---

[1] By substitution pursuant to Fed. R. Civ. P. 25(d).

1

## II. BACKGROUND

Plaintiff is a Florida state prisoner serving thirteen consecutive life sentences. Compl. at 1. In a letter dated August 6, 2013, and addressed to the Department of Justice's ("DOJ") Criminal Division, plaintiff requested:

> access to files, records, data, and DNA profiles entered in [CODIS] of evidence submitted to your agency from the following agencies and case numbers:
>
> 1. DNA profiles from specimens collected in the Florida Department of Law Enforcement Laboratory Number: 85-0230722
>
> 2. St. Petersburg, Florida Police Department Agency Number: 85-18723, and
>
> 3. State v. Rodney Lockett, Case Number: CRC 85-02110CFANO, Sixth Judicial Circuit Court, Pinellas County, Florida, City of Clearwater, Florida.

Ex. A to Decl. of David M. Hardy, ECF No. 14-1. The Criminal Division informed plaintiff on August 30, 2013, that his "misdirected request has been routed to the FBI for processing and a direct response to you." Ex. B.

In a letter dated September 24, 2013, the FBI denied plaintiff's request under FOIA Exemption 3 upon determining from "the information . . . provided [in the] request" that none of the four statutory circumstances under which CODIS information could be released was present. Ex. F to Hardy Decl. (citing 42 U.S.C. § 14132). DOJ's Office of Information Policy affirmed the FBI's decision by letter dated December 2, 2013, noting that "the FBI did not conduct a search for the requested records because if any such records exist, they would be exempt from disclosure." Ex. I at 1.

In the instant Complaint filed in July 2016, plaintiff "seeks disclosure of information under the Freedom of Information Act (FOIA)," Compl. at 1, and "an order directing the Defendant to disclose whether state's Exhibit 2b [in the criminal case], a vaginal slide taken from one of the

victims . . ., was ever submitted to the FBI for purposes of CODIS identification;" and "[t]he identification obtained from State's Exhibit 2b under CODIS," Compl. at 3.

### III. LEGAL STANDARD

The FOIA confers jurisdiction in the district court to enjoin an agency from improperly withholding records maintained or controlled by the agency. *See* 5 U.S.C. § 552(a)(4)(B); *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983) (quoting *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980)). An agency's disclosure obligation is triggered by its receipt of a request that "reasonably describes" the records sought and "is made in accordance with [the agency's] published rules stating the time, place, fees (if any), and procedures to follow." 5 U.S.C. § 552(a)(3)(A); *see Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180, 185, n.3 (D.C. Cir. 2013) ("Of course, the duties that FOIA imposes on agencies . . . apply only once an agency has received a proper FOIA request.") (citation omitted).

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009) (citing *Bigwood v. U.S. Agency for Int'l Dev.*, 484 F. Supp. 2d 68, 73 (D.D.C. 2007)). A court may grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is one capable of affecting the substantive outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if there is enough evidence for a reasonable jury to return a verdict for the non-movant. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

In a FOIA case, an agency is entitled to summary judgment when it demonstrates that there are no material facts in dispute as to the adequacy of its search for or production of responsive

records. *Nat'l Whistleblower Ctr. v. U.S. Dep't of Health & Human Servs.*, 849 F. Supp. 2d 13, 21 (D.D.C. 2012). An inadequate search for records constitutes an improper withholding under the FOIA. *See Maydak v. U.S. Dep't of Justice*, 254 F. Supp. 2d 23, 44 (D.D.C. 2003) (citations omitted). Thus, "[a] requester dissatisfied with the agency's response that no records have been found may challenge the adequacy of the agency's search by filing a lawsuit in the district court after exhausting any administrative remedies." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999). The Court must then determine the adequacy of the agency's search, guided by principles of reasonableness. *See Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998).

When assessing the agency's search, the Court generally "may rely on '[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched.'" *Valencia-Lucena*, 180 F.3d at 326 (quoting *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C .Cir. 1990)). Summary judgment is inappropriate "if a review of the record raises substantial doubt" about the adequacy of the search, *id.*, but "the [mere] fact that a particular document was not found does not demonstrate the inadequacy of a search." *Boyd v. Criminal Div. of U.S. Dep't of Justice*, 475 F.3d 381, 390-91 (D.C. Cir. 2007) (citations omitted); *see Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) ("the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search.") (citation omitted).

A district court reviewing an agency's motion for summary judgment conducts a de novo review of the record, and the responding agency bears the burden of proving that it has complied with its obligations under FOIA. *See* 5 U.S.C. § 552(a)(4)(B); *see also In Def. of Animals v. Nat'l*

*Insts. of Health*, 543 F. Supp. 2d 83, 92-93 (D.D.C. 2008) (citing *Assassination Archives & Research Ctr. v. CIA*, 334 F.3d 55, 57 (D.C. Cir. 2003)). The district court must analyze all underlying facts and inferences in the light most favorable to the FOIA requester. *See Willis v. DOJ*, 581 F. Supp. 2d 57, 65 (D.D.C. 2008) (citing *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996)). Accordingly, summary judgment for an agency is appropriate only if the agency proves that it has "fully discharged its [FOIA] obligations [.]" *Moore*, 916 F. Supp. at 35 (citing *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1382 (8th Cir. 1985)). "A requester is entitled only to records that an agency has in fact chosen to create and retain." *Yeager v. Drug Enf't Admin*., 678 F.2d 315, 321 (D.C. Cir. 1982). Thus, an agency has no obligation under FOIA "to commit to paper information that does not exist in some form as an agency 'record.' " *Id*. Nor does FOIA obligate an agency to "answer questions disguised as a FOIA request" or to "create documents or opinions in response to an individual's request for information." *Dugan v. Dep't of Justice*, 82 F. Supp. 3d 485, 497 (D.D.C. 2015) (quoting *Adams v. FBI*, 572 F. Supp. 2d 65, 68 (D.D.C. 2008)).

## IV. ANALYSIS

### A. Defendant's Motion

The FBI's declarants explain that "CODIS is an automated DNA information processing and telecommunications system" that supports DNA index systems at the national, state and local levels. Hardy Decl. ¶ 14. It is "implemented under the authority of the DNA Identification Act of 1994," 42 U.S.C. § 14132, which "authorized the establishment of the National DNA Index ("NDIS")[.]" *Id*. ¶¶ 14, 18. "DNA records are uploaded by federal, state, and local law enforcement laboratories to NDIS," which then enables participating laboratories "to upload and compare DNA profiles[.]" Decl. of Paula Wulff ¶ 4, ECF No. 20-1. "Each participating state and local enforcement laboratory maintains and enters DNA profiles into their own separate DNA

5

index system," and those "profiles are then uploaded to NDIS using the CODIS software." *Id*. ¶ 5. *See Moore v. Nat'l DNA Index Sys*., 662 F. Supp. 2d 136, 138 n.2 (D.D.C. 2009) (clarifying that "CODIS is not itself a database but rather is a software program that searches the NDIS database"). CODIS "is not indexed by name, case number, contributing agency, or any personally identifying information," Hardy Decl. ¶ 16, but it does include, among other information, "the laboratory identification number[.]" *Id*. ¶ 15.

Plaintiff questions the search because his request had in fact included a Florida Department of Law Enforcement Laboratory Number. *See* Opp'n at 1-2, ECF No. 16. But defendant has provided a reasonable explanation why a search by the laboratory number, even if possible, would yield no responsive records. According to the Unit Chief of the FBI's Forensic Science Law Unit, *see* Wulff Decl. ¶ 1, "NDIS DNA records are not indexed by and do not contain names, dates of birth, social security numbers, state case or *laboratory numbers*, other case-related information, or *other personally-identifying information associated with the sample from which the profile was obtained*." Wulff Decl. ¶ 9 (emphasis added). Rather, "[o]nly the agency that entered the information into CODIS has the identifiers necessary to access and retrieve DNA analysis relating to a specific individual." Hardy Decl. ¶¶ 15-16; *see* Wulff Decl. ¶ 11 ("Although the FBI is the custodian and administrator of NDIS, the data contained in NDIS" belongs to the uploading agency, which also "controls access to that information and any related records."); *see also Moore*, 662 F. Supp. 2d at 139 n.3 ("That the very design of the NDIS makes [ ] a search [for a particular individual] impossible is a testament to the government's well-placed concerns for the personal privacy of any individual whose DNA records are stored in the NDIS.").

Since plaintiff's request indicated that any potential information would have been uploaded by a state or local laboratory, "the FBI [is] unable to identify a DNA profile responsive to

Plaintiff's request." Hardy Decl. ¶ 16; *accord* Wulff Decl. ¶¶ 10-11. If one exists, it "would have been collected and uploaded into CODIS by the Florida Department of Law Enforcement Laboratory," Hardy Decl. ¶ 16, which is the agency to which plaintiff should direct his request, *id*., but to which the federal FOIA has no application. *See Willis*, 581 F. Supp. 2d at 67 ("Neither FOIA nor the Privacy Act provides a private right of action against state or local government entities.") (citations omitted)). Hence, the Court, finding no FOIA violation, will grant summary judgment to defendant solely on its documented inability to conduct a search.[2] *See Moore*, 662 F. Supp. 2d at 139 ("[W]here a search for records . . . is, by design, literally impossible for [an agency] to conduct[,] not searching satisfies the FOIA requirement of conducting a search that is reasonably calculated to uncover responsive documents.").

**B. Plaintiff's Motion**

Plaintiff's motion for partial summary judgment as to "State's Exhibit 2b" and the "exculpatory nature of the blood analysis and hair analysis[,]" Mot. at 1, is well beyond the scope of this FOIA action. FOIA governs the release of agency records "to the public as a whole[.]" *Stonehill v. I.R.S.*, 558 F.3d 534, 539 (D.C. Cir. 2009). Therefore, a "FOIA 'requester's identity

---

[2] In his opposition, plaintiff suggests that he has mediated his request with the assistance of the Office of Government Information Services ("OGIS"). *See* Opp'n, and Addendum, ECF No. 18. OGIS is not a party in this case, the record does not otherwise support plaintiff's vague representations, and whether mediation occurred is of no material consequence to the issues at hand. Plaintiff also requests "that an in-camera hearing . . . be scheduled [so] that the court may review the data entry list for evidence of CODIS entries in order to determine if the Plaintiff may receive this requested FOIA information." Addendum at 1. At its discretion, a court may "examine the contents of withheld agency records 'in camera to determine whether such records or any part thereof shall be withheld.' " *Pinson v. U.S. Dep't of Justice*, 177 F. Supp. 3d 56, 90 (D.D.C. 2016) (quoting 5 U.S.C. § 552 (a)(4)(B). Such review " 'may be appropriate in two circumstances: when agency affidavits are insufficiently detailed to permit meaningful review of exemption claims, and when evidence of agency bad faith is before the court.' " *Id*. (quoting *Lam Lek Chong v. U.S. Drug Enforcement Admin*., 929 F.2d 729, 735 (D.C. Cir. 1981)). Neither circumstance is present in this case.

and purpose for the disclosure are generally immaterial' in determining whether the agency has satisfied its disclosure obligations." *Dugan*, 82 F. Supp. 3d at 495 (quoting *Clay v. U.S. Dep't of Justice*, 680 F. Supp. 2d 239, 248 (D.D.C. 2010), citing *North v. Walsh*, 881 F.2d 1088, 1096 (D.C. Cir. 1989))). For that reason, this Court has declined to address a "plaintiff's arguments concerning his criminal prosecution or his purported innocence." *Id*. Similarly, plaintiff's motion in this case raises issues directly related to his criminal prosecution; such is the province of habeas corpus and its jurisdictional limitations. *See* 28 U.S.C. § 2254(a) (conferring jurisdiction in the federal courts to review the judgment of a State court "on the ground that [the applicant] is in custody in violation of the Constitution or laws or treaties of the United States"); *id*. § 2241(d) (conferring concurrent jurisdiction over a Florida prisoner's § 2254 petition in the district court for the district where he was sentenced or is incarcerated); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding "that when a state prisoner is challenging the very fact . . . of his physical imprisonment, . . . , his sole federal remedy is a writ of habeas corpus").

Even if plaintiff's concerns about the evidence presented at his criminal trial are valid, they have no bearing on whether the FBI has improperly withheld records under the FOIA. Therefore, plaintiff's motion for partial summary judgment must be denied.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is granted and plaintiff's motion for partial summary judgment is denied. A separate order accompanies this Memorandum Opinion.

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge

Date: September 25, 2017